IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEG FILIN, | No. C06-04280 MJJ |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | |
| Respondents. | |

Before the court is Petitioner's Petition For Hearing On Naturalization Application pursuant to 8 U.S.C. § 1447(b). Petitioner applied for naturalization as a United States Citizen on December 6, 2004, and is petitioning for a judicial determination of her naturalization application and a declaration that she is entitled to be naturalized as a United States citizen.

Pursuant to 8 U.S.C. § 1447(b), "[i]f there is a failure to make a [naturalization] determination . . . before the end of the 120-day period after the date on which the examination is conducted . . . the applicant may apply to the United States district court . . . for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." The 120-day post-examination period begins to run once the U.S. Citizenship and Immigration Services ("CIS") conducts its initial naturalization interview. *Al-Kudsi v. Gonzales*, Case No. CV 05-1584-PK, 2006 WL 752556 *2 n.3 (D. Or. Mar. 22, 2006); *Essa v. U.S. Citizenship and Immigration Services*, 2005 WL 3440827, *2 (D.Minn.,2005).

Petitioner was examined by CIS on May 4, 2005, commencing the 120-day period within which the government must issue a naturalization ruling. The instant petition was filed on July 12, 2006, over one year after the CIS interview of Petitioner, and Respondents have not yet made a decision. Respondents cite ongoing security checks, but have failed to give good cause for the delay in completing these checks in a timely manner.

Respondents are hereby **ORDERED** to show good cause, by **SEPTEMBER 5, 2006**, as to why the have not issued a naturalization decision. Petitioner may file a response to Respondents' brief by September 19, 2006. The parties' briefs are not to exceed 15 pages. Failure to respond will result in the Court's remanding the matter to the CIS for a expedited determination.

**IT IS SO ORDERED.**

Dated:       July 31, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE